The NASSAU COUNTY ASSOCIATION
OF INSURANCE AGENTS,
INC., et al., Plaintiffs,

v.

AETNA LIFE & CASUALTY CO., et al.,
Defendants.

No. 72 Civ. 4678.

United States District Court,
S. D. New York.

July 24, 1973.

Donner, Fagelson & Hariton, Bay Shore, N.Y., for plaintiffs Nassau County Ass'n of Ins. Agents, and others; Frederick Fagelson, Bay Shore, N.Y., of counsel.

Davis, Polk & Wardwell, New York City, for defendants American Fidelity Fire Ins. Co., and others; Henry L. King, Richard M. Berman, Sheila T. McMeen, New York City, of counsel.

Cordes, Purcell, Jewell & Ingrao, Mineola, N.Y., for defendant Farm Family Mutual Ins. Co.; Stephen A. Fritz, Mineola, N.Y., of counsel.

Covington & Burling, Washington, D. C., for defendants Bay State Ins. Co., and others; Edwin M. Zimmerman, Washington, D.C., of counsel.

Crowe, McCoy, Agoglia, Mineola, N. Y., for defendants Jamestown Mutual Ins. Co., and others; Harold V. McCoy, Mineola, N.Y., of counsel.

Donovan, Donovan, Maloof & Walsh, New York City, for defendants Great American Ins. Co. and Zurich American Ins. Cos.; John P. Walsh, New York City, of counsel.

Leonard W. Ferris, Utica, N.Y., for defendant Utica Fire Ins. Co.

Gottesman, Wolgel & Smith, New York City, for defendants Peerless Ins. Co. and Netherlands Ins. Co.; Harold H. Wolgel, New York City, of counsel.

Hart & Hume, New York City, for defendants American Gen. Ins. Co., and others; William D. Hand, Jr., New York City, of counsel.

LeBoeuf, Lamb, Leiby & MacRae, New York City, for defendants Mich. Mutual Liability Ins. Co. and others; Taylor R. Briggs, Kimba Wood Lovejoy, New York City, of counsel.

Lee, McCarthy & DeRosa, New York City, for defendants American Home Assurance Co., and others; Florindo M. DeRosa, New York City, of counsel.

Lord, Day & Lord, New York City, for defendants Lumbermens Mutual Casualty Co., and others; Gordon B. Spivack, New York City, of counsel.

Joseph F. Murphy, New York City, for defendants Continental Ins. Co., and others.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants Aetna Life & Casualty Co., and others; Morris B. Abram, Sidney S. Rosdeitcher, New York City, of counsel.

Shearman & Sterling, New York, for defendants Continental Cas. Co., and others; Werner L. Polak, New York City, of counsel.

White & Case, New York City, for defendants Employers Commercial Union Co., and others; Thomas McGanney, New York City, of counsel.

## MEMORANDUM

STEWART, District Judge:

Four insurance trade associations bring this private suit under the authority of 15 U.S.C. § 15 on their own behalf, on behalf of their members and on behalf of other described classes comprising independent insurance agents and insurance policyholders in the State of New York. Jurisdiction is predicated under the provisions of the Sherman Act, 15 U.S.C. §§ 1–7, the Clayton Act, 15 U.S.C. §§ 12–27, the Federal Trade Commission Act, 15 U.S.C. § 44 and the McCarran-Ferguson Act, 15 U.S.C. §§ 1011–1015. The action is presently before us on defendants' insurance companies' motion to dismiss.

In September, 1971 three of the present four plaintiffs, the Nassau County Association of Insurance Agents, Inc., the Suffolk County Association of Insurance Agents, Inc. and the Independent Insurance Agents Association of Queens County, Inc. commenced an action in this Court (71 Civ. 4101) against approximately 180 insurance companies. Each of the 164 defendants at bar was a defendent in that suit. In that action, defendants moved to dismiss on two grounds: under Rule 12(b)(6) of the Federal Rules of Civil Procedure that the plaintiffs, three associations of independent insurance agents, lacked a claim cognizable under the antitrust laws because the injury they claimed to have sustained as a result of defendants' conduct was purely derivative in nature and legally remote under § 4 of the Clayton Act; or, in the alternative, that plaintiffs' attempt to join 184 insurance companies failed to satisfy the standards for joinder of defendants as provided by Rule 20(a) of the Federal Rules of Civil Procedure and therefore this misjoinder was sufficiently unfair so as to justify the dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In an opinion delivered on the record at the close of oral argument, Judge Pollack dismissed the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim without reaching the joinder issue. Judge Pollack's decision, 345 F.Supp. 645 (S.D.N.Y., 1972), fully details the allegations of the complaint and for purposes of this memorandum we adopt and incorporate that statement. On the motion now before us, defendants reassert their previous arguments for dismissal and add a third basis for the motion to dismiss, to wit, since plaintiffs previously brought a virtually identical suit in this Court before Judge Pollack against the same defendants, judgment should be entered pursuant to Rule 56 of

the Federal Rules of Civil Procedure barring them from maintaining this action.

Essentially, plaintiffs aver that termination of insurance agents, and the threat of termination by the defendants on the basis of balanced book requirements, inadequate volume of sales by the agents and poor loss ratios on policies sold by the agents, are allegedly unlawful under the antitrust laws as tie-in arrangements, coercive tactics or a combination of both. In an attempt to remedy the defects in their prior complaint, and to put before this Court legal arguments which plaintiffs contend were not fully considered by the Court in the original action, plaintiffs have filed this new lawsuit seeking similar relief. The complaint has been amended to include an additional plaintiff association, the Richmond County Association of Insurance Agents, and further, alleges with particularity the injury claimed to have been sustained by the plaintiff associations as a direct result of defendants' illegal conduct.

■ The courts in this circuit have strictly applied the general rule that an association lacks standing to assert an antitrust claim on behalf of its members under § 4 of the Clayton Act. Cordova v. Bache, 321 F.Supp. 600 (S.D.N.Y., 1970); Billy Baxter Inc. v. Coca-Cola Co., 431 F.2d 183 (2d Cir. 1970). Nevertheless, plaintiffs urge this Court to allow them to bring this representative suit because of their identity of interest with their members and because they are asserting fundamental rights attaching to the individual agents which, under the circumstances of this case, merit special consideration by this Court in permitting a derivative type action. To counter defendants' contentions, and to bring this action within the language of § 4 of the Clayton Act, plaintiffs assert that the Associations themselves sustained direct injury when agencies were terminated and put out of business, thereby causing the Associations to suffer substantial loss of membership and loss of income. As discussed herein, under the law of this Circuit we cannot agree with the plaintiffs that the Associations suffered direct injury in their "business or property" as contemplated by § 4 of the Clayton Act. Accordingly, we concur with Judge Pollack that plaintiffs fail to state a claim.

■ The law in this Circuit is clear that private antitrust plaintiffs must meet the burden of demonstrating that they were within the "target area" of the alleged illegal conduct in order to establish standing to sue under the Clayton Act. Calderone Enterprises v. United Artists Theatre Circuit, Inc., 454 F. 2d 1292 (2d Cir. 1971); Billy Baxter Inc. v. Coca-Cola Co., *supra.*

"In a series of decisions over the last 15 years, in all of which certiorari was denied by the Supreme Court, this court has committed itself to the principle that in order to have 'standing' to sue for treble damages under § 4 of the Clayton Act, a person must be within the 'target area' of the alleged antitrust conspiracy, i.e., a person against whom the conspiracy was aimed, such as a competitor of the persons sued. Accordingly we have drawn a line excluding those who have suffered economic damage by virtue of their relationships with 'targets' or with participants in an alleged antitrust conspiracy, rather than by being 'targets' themselves." Calderone v. United Artists Theatre Circuit, Inc., 454 F.2d at 1295.

The Courts of this and some other circuits (see Hawaii v. Standard Oil Co., 405 U.S. 251, 262–263, 92 S.Ct. 885, 31 L.Ed.2d 184 (1971), Footnote 14 and cases collected therein) have studied this problem and concluded that the limitations imposed on private treble damage litigants under § 4 are appropriate and fair in light of the policy underlying the antitrust laws. As recited in *Calderone,*

"if the flood-gates were opened to permit treble damage suits by every creditor, stockholder, employee, subcontractor, or supplier of goods and services that might be affected, the lure

of a treble recovery, implemented by the availability of the class suit as facilitated by the amendment of Rule 23 F.R.C.P., would result in an over-kill due to an enlargement of the private weapon to a caliber far exceeding that contemplated by Congress." 454 F.2d at 1295.

Nevertheless, plaintiffs contend that upon a showing of "compelling need" an association has standing to assert claims on behalf of its members and point to the opinion of this Court in Cordova v. Bache & Co., 321 F.Supp. 600 (S.D.N.Y., 1970). In *Cordova,* Judge Mansfield recognized that a representative suit might be permitted, in the context of a constitutional claim, where individual members could not assert or protect their rights because to do so "would result in nullification of the right at the very moment of its assertion". (At p. 604, quoting NAACP v. Alabama, 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958)). However, as Judge Pollack previously recited, Judge Mansfield, by specifically referring to the language of the court in NAACP v. Alabama and focusing on the particular facts in that case, intended only to create a limited exception to the general rule in a situation where an individual was constrained from suing to preserve a constitutional right where disclosure of his identity by the mere fact of bringing the lawsuit would have obviated the very right which the lawsuit sought to protect.

Although we are cognizant of the trend in this circuit to delimit and control the use of the class action as a vehicle for individual litigants,[1] nevertheless we are troubled by plaintiffs' representation that, were an individual agent to commence a lawsuit based on the allegations of the instant complaint, he would face grave uncertainties with respect to job security and threats of reprisal by way of termination of agency contracts.

Moreover, we are not unsympathetic to the disproportionate costs an individual litigant must bear in a lawsuit of this magnitude. Further, we are impressed by the legislative policy underlying the antitrust laws which pre-eminently seeks to vindicate the public interest by specifically providing litigants the right of private treble damage actions in addition to government enforcement powers.

■ However, the law in this circuit appears well entrenched and we can only speculate whether the exception enunciated by Judge Mansfield in *Cordova,* on the basis of a constitutional claim, will be broadened to encompass the type of antitrust violation asserted here. Therefore, we feel constrained to rely on the general rule that under § 4 of the Clayton Act an association may not sue on behalf of its members and conclude the complaint must be dismissed. In terms of the applicable case law, plaintiffs are not within the "target area" of the alleged wrongful conduct and therefore cannot maintain this action under the antitrust laws. It is apparent that the injury to the Association is indirect at best. As the defendants rightly assert, the allegedly wrongful conduct of the defendants' insurers was directed against the agents, if anyone, which in turn led to terminations, which in turn led to decrease in memberships in the associations. The associations do not do business with any of the defendants. They are not insurance agents. They are not employed by insurance agents. They are not employed by insurance companies and they have not been terminated or threatened with termination.

Since we here dismiss plaintiffs' claim under rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Associations lack standing under the antitrust laws, we need not reach the other arguments raised by the defendants.

So ordered.

---

1. See especially the recent opinion of Judge Medina in Eisen v. Carlisle & Jacquelin

and DeCoppet & Doremus, 479 F.2d 1005 (1973).